Submitted March 3, reversed and remanded July 26, 2017

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANN MARIE HOWARD,
*Defendant-Appellant.*

Wasco County Circuit Court
1400261CR; A160420

399 P3d 483

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and Garrett, Judge, and Duncan, Judge pro tempore.

**PER CURIAM**

Defendant appeals the trial court's judgment convicting her of unlawful possession of methamphetamine, ORS 475.894. On appeal, defendant assigns error to the trial court's denial of her motion to suppress evidence that an officer obtained after stopping defendant for a traffic violation. Defendant contends that the officer unlawfully extended the traffic stop by asking her to step out of her car and then questioning her about drugs without reasonable suspicion to believe that defendant was committing a drug crime. At the hearing on the motion to suppress, the officer testified that, after he stopped defendant for the traffic violation, he observed defendant "talking nonstop" and "shaking really bad[,]" which is "very common in people that are under the influence of methamphetamine—or a stimulant[.]" The officer also recognized defendant's passenger as a known drug user. The officer did not testify that he had reasonable suspicion to believe that defendant was driving under the influence of intoxicants, but he did testify that he had reasonable suspicion to believe "that there were drugs in the car[.]"

The state concedes that the officer's testimony "was insufficient to establish reasonable suspicion that defendant possessed controlled substances at the time of the stop." We agree with defendant's argument and accept the state's concession. *See State v. Miller,* 267 Or App 382, 398, 340 P3d 740 (2014) (holding that evidence that the defendant was under the influence of a controlled substance and accompanied by a person who an officer knew from a prior drug investigation and who had been recently arrested on a drug charge was insufficient to support reasonable suspicion that the defendant was in possession of controlled substances).

Reversed and remanded.